# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IRLANDA GRACA § | |
| § | Civil Action No. 4:19-CV-920 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| FIRST NATIONAL BANK OF TRENTON § | |

### AGREED JUDGMENT

On this date the Court considered Plaintiff Irlanda Graca and Defendant First National Bank of Trenton's Stipulation for Entry of Agreed Judgment (Dkt. #21) and Corrected Agreed Judgment (Dkt. #26). In light of the agreement of the Parties as expressed in the Stipulation and Corrected Agreed Judgment, the Court finds that:

It is **ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED, ADJUDGED, AND DECREED** that an event of default has occurred on that certain Note, executed on or about August 23, 2016 by Irlanda Graca and Robinson Cabrera, and payable to The First National Bank of Trenton (hereinafter "Note").

It is further **ORDERED, ADJUDGED, AND DECREED** that that certain Deed of Trust, dated August 23, 2016, signed by Irlanda Graca and Robinson Cabrera and recorded as Document No. 104325 in the real property records of Denton County, Texas (hereafter "Security Instrument"), provides Defendant, as the mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 2107 Meadowview Drive, Corinth, Texas 76210 ("Property"), and more particularly described as follows:

> LOT 4, IN BLOCK 8, OF FAIRVIEW WEST, PHASE II, AN ADDITION TO
> THE CITY OF CORINTH, DENTON COUNTY, TEXAS, ACCORDING TO

THE PLAT THEREOF RECORDED IN CABINET F, PAGE 324, PLAT RECORDS, DENTON COUNTY, TEXAS.

It is further **ORDERED, ADJUDGED, AND DECREED** that Defendant is the mortgagee of the Security Instrument.

It is further **ORDERED, ADJUDGED, AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court.

It is further **ORDERED, ADJUDGED, AND DECREED** that due to an event of default on the Note, Defendant, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and § 51.002 of the Texas Property Code.

It is further **ORDERED, ADJUDGED, AND DECREED** that all costs are to be taxed against Plaintiff and Cross-Defendant as a further obligation of the debt.

It is further **ORDERED, ADJUDGED, AND DECREED** that Defendant is awarded attorney's fees and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

It is finally **ORDERED, ADJUDGED, AND DECREED** that this is an interlocutory judgment as to the claims brought by Defendant in its Counterclaim.  Defendant's claims against Cabrera remain pending for a final determination by the Court.  Following consideration of the pending report and recommendation as to Defendant's counterclaim against Cabrera, the Court will enter a separate judgment as to Cabrera.

**IT IS SO ORDERED**.
**SIGNED** this 9th day of December, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE